This is the case of Warren Foglesong. Is that pronounced correctly? As personal representative for the estate of Cindy Lynn Foglesong, deceased, Appellant v. Leonard Harsher, Appellee. And we have for the Appellant, Mark Petrocosky. And for Appellee, Stephen Rakow. Please proceed. Your Honor, Mark Petrocosky. May it please the Court, Counsel. Thank you for hearing this case. First, Judges, I guess I would like to start by, we think the briefs on both sides are well stated and we would stand on the contents of our brief. And hitting the highlights of the briefs for the Court, the point is, our argument is, is that the motion to dismiss was improper and error for a number of different reasons. The first was the Court was making contrary findings with regard to Defendant Harsher and Huber, where on the one hand it finds that the complaint for Harsher could be amended and thereafter has found liability, but wouldn't share that same duty and responsibility under derivative action for the employer Huber. The Court in doing so... Is that because the Court said that Huber was not active within, or Harsher was not active within the scope of his employment? Which is perplexing, because the Court's made a number of different rulings. But for purposes of the 2615 and the 2619, it's not appropriate for the Court to make those factual determinations. But don't you have to plead facts to show that he was active within the scope of his employment? Yes. Okay, what were those facts pled that demonstrated as such? Well, we would, throughout the entire complaint, through paragraphs one, we pled what actions that Harsher took to get her into the mine. As a matter of fact, and I know it's not part of the file, we have a recent order from the Court that again discusses the actions of Harsher and his getting her in the mine and his duty to her and all the steps that certainly... No, facts that Harsher, what he was doing with her, was within the scope of his employment with Huber. That's what I'm asking. Right. What facts were pleaded to demonstrate that? I'd have to pull that exact sentence, but I know that from the allegations against Harsher, he could have her there just as a matter of convenience to pick him up, and that's enough that she's in his truck, in the mine. It requires a passkey to get in, and she's in there. It's a complicated maze to find your way into where she is and where she was killed. And she's there, even if she's just there for the convenience of Harsher, to pick him up, to drop him off, that's sufficient. And again, that's a question of facts. Is that what's alleged, that she was there to pick him up? You know, I don't want to misstate that because I don't have that part written down as to exactly what's said that they were doing. I mean, obviously through discovery, although not relevant... But didn't she have to get in using the employee's key card? Say that again, Judge, please. Didn't she? To get into the mine, didn't she have to use the employee's key card? You do. That would kind of contraindicate the assertion that she was there to pick him up because she couldn't have gotten in on her own. Unless he allowed her in or gave her the car and the passkey and to come back and get her when she was done. And there's no way... Was he working that day? Yes. And he was working at the time of the incident. He was concluding his shift. And that's when the collapse occurred. And what the court did is it improperly made determinations of fact, including her appearance on the property and what her legal status was. Before we got to the Premise Liability Act, we had the invitee and licensee and trespasser. Now we have legally on the premises and a trespasser. And as far as the 2650 and the 2619, the court was making determinations of fact that were inappropriate as far as a determination on those motions to dismiss. In doing so, the dismissal order was inappropriate. With regard to the count four, the statute of limitations argument, if you look at the report of the proceedings, there were some discovery problems, including defendant Herscher was missing in action for a substantial period of time. My reflection is about two years. There were multiple orders trying to get his discovery deposition to attempt a default, and the court was quite liberal with not defaulting him and giving the defendants, both his attorney and Huber, time to locate him. There were several motions to compel discovery, and not that I'm saying that not knowing about the blasting and pleading the ultra-hazard activity and the strict liability, but if you look at it from an equitable standpoint, if you look through the proceedings as far as how discovery went, a little more deference would be given. In the ultra-hazard activities, we're not actually just alleging the blasting is the ultra-hazard activity. It's also just purely the mining. Cutting into the earth can also be considered an ultra-hazard activity. When you dig into the earth and you leave a portion of it to represent a pillar, that's an ultra-hazardous activity. Certainly blasting as well, but even without the blasting, from the relation back issue, we're relating back to the same thing. She's in the mine, they're digging and cutting a hole into the earth and leaving pillars. That by itself should qualify as ultra-hazardous. So when we relate back, that should be sufficient, whether we consider blasting or not. The other thing is if you do look through the proceedings, the discovery issues, the delay, the significant delays in discovery, a year plus to answer a written discovery, harsh or missing for a significant period of time, and the inability to take those depositions, and then finally when you take the depositions and we learn about the regular blasting and the method with which they pull out this line out of the center of the earth, you can see that certainly on the plaintiff's side, we did act diligently. With regard to when we had our first complaint, our counts two and three were virtually identical to counts two and three on our Second Amendment complaint. There was no motion to dismiss of those counts. Those counts survived for years, and then when we got leave to file our Second Amendment complaint, there was simply the addition of two sub-paragraphs. At the worst case, the court would have stricken those two sub-paragraphs as opposed to stricken the entire count with breaches. Counsel, kind of steer back to what I was asking you before. In paragraph seven of count two of your Second Amendment complaint, you allege defendant Harsher was employed by Huber and was at all times acting within the scope of his employment. My question to you, what I'm trying to get at, is it enough to say he was acting within the scope of his employment, or do you have to allege some facts as to what he was doing to demonstrate that it proved he was acting within the scope of his employment? Or are those words just the key to making this complaint survive a motion to dismiss? I think that what we have pled, and the comment that he's acting within the scope of his employment, is a question of fact and sufficient to survive the motion to dismiss. So you don't have to plead any facts to support that proposition, you just have to say it. Those are terms of art. I don't know, I'm asking you. That is enough. I would say it is. Now, in the alternative, if the view was that what we pled was not sufficient, certainly under 2616 that we would be given leave to amend the complaint to put sufficient information in. Well, then the court said that you had been allowed to amend it a couple of times and that enough's enough. And if you can't get those facts alleged after a couple of tries, the dismissal will be with prejudice. Yeah, and I would say that's abuse of discretion, Judge. And most recently the court found that, absolutely contrary, I know it's not part of the record so I won't report it, but in a recent quarter, we just got yesterday from a hearing months ago about the duties and, again, factual findings of what he was doing and the status of Cindy Folsom inside the facility and what Harsher was doing. Certainly contradictory to everything we're here for today. I'm not sure I'm following you. You say you got an order? Yeah, I got an order from Harsher within the last couple of days. Regarding this litigation? Yeah. Count one against Harsher. Oh, as it pertains to count one. As it pertains to count one with Harsher, that count stands. And then how can you have that count stand and have all the liability against Harsher as an agent, but when we bring the action against the principal and derivative action? Maybe because he wasn't acting within the scope of his employment. That's why the court was asking for facts to be alleged, which would demonstrate as much. That's why I'm trying to follow you here, and I think your answer is you don't have to allege any facts that he's acting within the scope of his employment. You just have to say it. Well, right, and he's at all times relevant. He's working for his principal employer and performing the job duties that he's supposed to. Now, we can't allege that she was in there buying product or she was in there showing him a sample of how to better perfect the removal of limestone from the mine, but the fact that she's in there in his truck while he's working certainly could lead to the inference that she's there for his convenience and his benefit. I'm not asking why she was there. I'm asking if you have to allege that he, if it's just enough to say he was working within the scope of his employment or do you have to allege facts to back that up? That's what I'm asking. I think that what we've alleged is sufficient. Okay, what did you allege? What facts are you alleging to demonstrate that he was acting within the scope of his employment? Maybe that wasn't the basis for the trial court not allowing you to amend. That's what strikes me as, from reading the briefs, that's why the trial court said no. I'm not going to go along with this again. If you had some facts you could allege, you would have put them in here. That may not be the case, but that's the way I read it. The trial court, it was an odd set of circumstances where they required us, before we got leave to file our amended complaint, which seemed inconsistent with what the statute was, it's really given leave to amend our complaint, is we kind of had a hearing on the merit prior to being allowed to amend. So we discussed the statute of limitations on the ultra-hazard activities and strict liability. We discussed counts two and counts three, and they're all in the proceeding. Gave us leave to amend, but we had a hearing on the merits of what the complainant would be. Then amended it, and we re-did the whole thing again. And then the court completely reversed its position, and I understand maybe it has the ability to do that. Certainly we had the position that those issues had been heard and ruled on. Whether it was in the proper sequence or proper format, probably not. But those issues were heard and ruled on. And that's why it also came as a surprise to us. Especially since counts two and count three were virtually identical to the initial complaint, which had been unfiled for three, four, five years. The court also spent a little bit of time on some issues that didn't have relevance. Whether she was having an affair or some type of extramarital affair with Harsher, who was employed, doesn't have any effect on the duty of Harsher, nor does it have any effect on the duty of Huber. You almost get the impression that if they were having an affair, then there was a different duty towards Cindy Fogelson than they have, because they might be acting in a manner that's maybe not necessarily appropriate. But the court, again, made several factual determinations. And again, including her presence on the property, and whether she was a trespasser, whether she was legal on the premises, which isn't appropriate for entering a ruling on Act 2615 or 2619. The court made these determinations of fact that would even be inappropriate if this were a motion for summary judgment. And based upon those issues, the court's ruling and order should be reversed. And these three counts, and all of them are reinstated, count two and count three for what I've already spoken about, and count four because the idea that it relates back is applicable. The ultra-hazard activity is not just the blasting that they do. It's the whole fact that they dig into the center of the earth. And when you dig in the center of the earth and leave pillars up, it's a dangerous activity. And these type of events happen all the time. And that by itself is ultra-hazardous, and strict liability should apply. And it should relate back to the initial facts. And when you take into consideration the defendant's discovery problems with missing parties and significant delays in answering discovery, and then the depositions where we learn about the process of how they do this, and how they cut into the center of the earth, and how they keep the roof up, and how they cut it out, and how they remove the material, then we start to learn these facts. But the initial plating, they certainly were unnoticed, and all the elements of the relation back were met. And again, the standards for 2-6-15 and 2-6-19 were not met, and that all facts well-plagued need to be dealt with as accurate and true, and that they weren't. And what they did was that the court, instead of accepting the well-plagued facts, they took exception to the plagued facts and made a determination that those facts weren't accurate. And that we described her on the property, and the court took exception to that, and basically called her the equivalent of a trespasser, not legally on the premises. But then thereafter enters an order in the other remaining count that she's clearly on the premises, and she was allowed access to the property by defendant Harsher. And then he had to do her to follow those instructions. She was committed on him to drive his truck and use his passkey. And the court makes these determinations absolutely contradictory to what brought us here in the first place. And so certainly, at the worst case, we should be allowed to amend counts 2 and 3 to satisfy what the court was, although it wasn't a problem for the prior years because those counts had stood for a long time. I think there's an argument that the defendant, by not following a motion to dismiss on those counts previously, waived that time because they previously answered those accounts. All we did was add two small sub-paragraphs. So the standards for 2-6-15 and 2-6-19 were not met, and then the standard for 2-6-16, as far as the amendments and the factors given for amendments and them being freely given up until the point of judgment, was not met at all. We were on our second amended complaint. Certainly judge cases where it's appropriate that there's 7 and 8 amended complaints on various different facts. In this case, especially after the court had already addressed these issues in our leave to file the amended complaint, and already made a ruling on it, and it's in our brief where, with regard to the objection on the relations back, it was overruled, and with regard to the duties, and the negligence on counts 2 and 3, those were overruled as well. I'm curious, you're both from Wheaton, and you're both in Adams County. Small world. Good afternoon, Your Honor. May it please the court, Stephen Rayfeld for the defendant, J.M. Huber Corporation. In the trial court, my client filed two separate motions. One was a 2-6-15 motion to dismiss counts 2, 3, and 4 of the plaintiff's amended complaint for failure to state a cause of action.  We dismissed those same three counts on the grounds that all three were time barred by the statute of limitations. The trial court granted our motion in full in regard to the 2-6-15 aspect, and ruled that all three counts failed to state a cause of action. In regard to our 2-6-19 motion, the trial court ruled that count 4 of the amended complaint, which was the count which had raised the ultra-hazardous activity cause of action, was time barred. The court did not rule on part of our motion attacking counts 2 and 3 under 2-6-19. The issue was addressed by counsel during his argument as to what language needed and what facts needed to be alleged in count 2 to state a valid cause of action, in particular regarding the issue of whether the defendant, Harsher, was or was not acting within the scope of his employment. There aren't any facts alleged in count 2 which, if proven, would demonstrate that he was acting within the scope of his employment. There is a naked allegation in that count that says, simply, he was acting within the scope of his employment. We've argued in our brief that that is not an allegation of fact, it's a conclusion of law. And in ruling on our 2-6-15 motion, a trial court must treat all well-pleaded facts as true, but a court is not required to treat conclusions as true in ruling on that type of motion. In fact, the case law says the trial court is required to ignore allegations which constitute conclusions of law in ruling on a 2-6-15 motion. But actually, Mr. Rafel, count 2 adopts count 1, and it alleges that Harsher was the owner-driver in possession of a truck. He was operating and propelling on the property owned by his employer. She was in the vehicle. He was negligently operating the vehicle. It was crushed under the weight of the ceiling of the mine where a defendant parked the vehicle. He parked the vehicle in an area where he knew or should have known was unsafe. Failed to give plaintiff warning of unsafe condition. Failed to use due care and caution. Failed to keep proper lookout. And he further allowed her to drive, apparently let her in the mine somehow. Allowed her to park it where he knew it was unsafe, etc., etc. Yes, those allegations are in count 1, and they're carried over by reference to count 2. But none of those allegations relate to the issue of whether Mr. Harsher was performing those activities that you just spelled out while acting within the scope of his employment. All of them could equally have been done for personal reasons, unrelated to the business of my client whatsoever. But that's the allegation that he was, during this time period, acting within the scope of his employment. Yes, and that really is the crux of the case, I think, in regard to count 2 and also in regard to count 3. And that is, is that an allegation of fact, that one statement that you just referred to, is that an allegation of fact which the trial court had to treat as true when ruling on the 2615 motion? Or is that a conclusion of law which the trial court was required to ignore? And one of the cases cited by the plaintiff in their reply brief answers that question, I believe. It's the Illinois Supreme Court of, I can't pronounce this very well, Deckerhoff v. City of Heron. It's a 1982 opinion. The plaintiff obviously believed that that case cited, supported their position, but it doesn't. It supports the position we took in the trial court and the position we took in our brief. Here's what happened in the City of Heron case. In that case, the plaintiff had filed a complaint under the Structural Work Act. And he alleged in the complaint that the defendant, and that he was the owner of a building which was being demolished, and that the defendant was, quote, in charge of the work, unquote, for the demolition project. However, there were no allegations of any facts in the complaint to show how the defendant was in charge of the work. The trial court in that case ruled that the naked allegation that the defendant had charge of the work without supporting factual allegations to show how the defendant was in charge of the work was insufficient to state a cause of action under the Structural Work Act. And based on that, the trial court dismissed the plaintiff's complaint. The plaintiff elected to stand on that complaint and appealed. In the Supreme Court, the Illinois Supreme Court confirmed the trial court's dismissal. And the Supreme Court in that case noted that it was sometimes hard to draw a line between what was the allegation of an ultimate fact and what was the allegation of a legal conclusion. However, in that case, the court came down on the side of legal conclusion. They found that the allegation that the defendant was in charge of the work, quote, unquote, was a legal conclusion and was not, therefore, sufficient to state a cause of action. The allegation that the defendant in the city of Heron was in charge of the work is, to me, identical in nature to the allegation in count two of our complaint here that the defendant was acting within the scope of his employment. Well, in Heron, you said the plaintiff elected to stand on his allegations. There was no motion to amend. Here, there was a motion to amend. Right. And that is sort of a separate issue. I think what we need to do in analyzing the trial court's rulings in this case is first decide whether the trial court properly found that the three counts did not state causes of action. And then analyze whether the trial court properly denied the plaintiff's request for leave to file counts two and three, an amended version of counts two and three. Well, what kind of allegations is it that would be needed here? Well, for count two purposes, you would need an allegation that showed that the conduct alleged on the part of defendant Harsher on count one was undertaken somehow in furtherance, at least in part, of the business of Hubert. That's what one needs to prove in order to show that an employee is acting within the scope of his or her employment. I believe the case law has two other requirements for that as well. One is that the alleged conduct took place within the time frame that the employee was on duty, within his normal hours. I can't recall the third one offhand. What was the case you were citing just a few moments ago? What's the name of it? The City of Heron case? Yeah, is it in your brief? It's in the plaintiff's reply brief. I'll give you the citation on it. Oh, it's in the reply brief. So tell me this. If Harsher were in the mine outside his work time and failing to comply with the safety regulations in a mine, but he was working, would that be sufficient? Do you want to give me a sample allegation you're thinking about? Well, they do allege in count three that Huber put a duty to comply with the laws of Illinois relating to safety rules regarding entry into the mine. I'm not sure that that count is addressing Harsher's actions. I mean, you can't tell. It might be. It adopted counts one and two. One of the issues we had in count three was it didn't, although it said that Huber, we had failed to comply with certain safety laws and regulations, it never alleged what the safety laws and regulations were. And also another issue we raised with count three was that same allegation that you're reading out of, I believe, says that Huber had a duty to comply with those safety laws and regulations. But it doesn't say to whom it owed the duty. There are no allegations in count three, which is one of the problems with it. There are no allegations in count three, even in a conclusory fashion, that allege that Huber owed any sort of duty of due care to the plaintiff's deceit. That was one of the grounds that we moved. Well, if Harsher is acting as agent for the defendant, isn't it implied? Because there's the allegation that Harsher owed a duty? What is implied now? The allegation that Harsher is an agent. And that Harsher owed a duty. Harsher would still have to be acting within the scope of his employment, no matter what he did. But it is alleged he was acting within the scope. Yes. And the question is, is that a conclusion or is it an allegation? Wait a minute. Even for count three, it has to be alleged that Harsher was acting within the scope of his duty? Because I understood count three to be a premise of liability. Responding in superior doesn't have anything to do with count three. Count three is a direct negligence action against Huber. Okay. What are the elements for successively pleading a cause of action under premises of liability? Well, count three has pretty much the same problem that count two has, in that there's an allegation in count three that says the plaintiff entered the mine as an invitee of Huber. There are no allegations of fact in that count to show how or why the plaintiff should be considered to be an invitee. In order to be classified as an invitee, you have to have entered the mine, the plaintiff's decedent would have had to enter the mine in this case, with either the express or applied permission of Huber, and would have to have entered the mine either for a purpose that related to the mutual benefit of both the plaintiff's decedent and Huber, or related to some benefit for Huber itself. Well, there are no allegations in count three that would prove any of those conditions. The only allegation in count three is just a naked allegation, the plaintiff was an invitee, that's it. And that's one of the reasons we moved to dismiss count three. Actually, if they said invitee, I suspect you would have moved to dismiss on that basis as a legal conclusion. It actually says, remained inside said truck at said time and place with the knowledge and permission of said automobile and acting as agent would be defendant J.M. Huber. So, is there actually, besides the City of Heron case, and obviously in charge of the work is a special bird that we've all had to deal with, is there a case that says you have to allege, in addition to the fact that he was within the scope of his employment, he was acting in such a fashion as an agent, that you have to plead, it was during work hours, he was acting as supervisor, and at what point is he precluded from amending? I mean, I don't know anything about the underlying discovery in this case. I know the case has been around for a long time. But at what point does he have to know exactly what Harsher, who disappeared for two years, was doing? Well, this was, and I didn't handle the trial court part either, so I'm not up with all the discovery issues either. But the amended complaint that we're dealing with here wasn't filed until more than five years after the plaintiff had died. So it's not like there wasn't an opportunity, there was a great deal of time in this, there was an opportunity to find out what was going on. But let me talk about the issue of whether the trial court should or should not have allowed an amended version of Count 2 and Count 3. After the trial court dismissed those counts with prejudice, the plaintiff filed a motion to reconsider. Alternatively, in that motion to reconsider, the plaintiff requested leave to file amended versions of Counts 2 and 3. Well, if you're going to go up on appeal on the issue that the trial court improperly denied you an opportunity to file an amended complaint, and you're an appellant, it is incumbent upon the appellant to demonstrate, either through oral statements in the trial court or through written pleadings in the trial court, exactly what those amended pleadings would have looked like if he or she had been allowed to file them. But in this case, the plaintiff didn't do that. The plaintiff just filed a motion to reconsider, said I should have a chance to file new versions of Counts 2 and 3, but didn't say what would be in those amended versions if the trial court granted leave to file amended versions. During the oral argument on the motion to reconsider, the trial court asked a question to the plaintiff's counsel. It's quoted in the brief, but it was in effect this. The trial court said, well, if I let you file an amended version of Count 3, how is that amended version going to differ from what you've already filed? What the plaintiff's counsel said was this. The plaintiff's counsel said, well, in Count 3, we allege that the plaintiff was an invitee and was lawfully on the premises. If we were allowed to file an amended version of Count 3, we would take out the allegation that the plaintiff was an invitee, and simply allege that the plaintiff was lawfully on the premises. What the court responded was, well, that wouldn't fix the problem. The problem with the allegation that the plaintiff's deceit was an invitee, the problem with that was that it was a conclusion and not an allegation of fact. The allegation that the plaintiff's deceit was lawfully on the premises would be just as much of a conclusory allegation as the one that I just found was insufficient to state a cause of action. Therefore, I'm not going to let you file an amended version of Count 3. There was nothing discussed. The trial court never asked any direct questions about what an amended version of Count 2 would look like, and the plaintiffs never offered anything to show what an amended version of Count 2 would look like if they were allowed to amend it. But the trial court was under no obligation to press for that information. It was incumbent upon the plaintiff to come forward with the information to show what an amended version of Count 2 would look like and why they should be allowed to file that amended version. And that didn't happen. As to Count 4, the trial court made two rulings on Count 4. One was the rule that it was barred by the statute of limitations. The other ruling that the trial court made on Count 4 was that it failed to state a cause of action in strict liability. The plaintiff never requested leave to file an amended version of Count 4. In addition to that, in the appellant's brief that got filed in this case, the plaintiff doesn't argue that the trial court erred when it dismissed Count 4 for failure to state a cause of action. Therefore, that ruling of the trial court is off the table entirely. The plaintiff was waived it because they didn't raise it in their appellant's brief. Nor did they ask for leave to file an amended complaint in the trial court. Even if it weren't off the table, it's pretty clear that the facts alleged in Count 4 don't state a cause of action for ultra-hazardous activity. The activity alleged in there was conducting blasting activities inside of a limestone mine. All of the damages allegedly caused by that activity were confined to the interior of the limestone mine. The cases that impose ultra-hazardous activity, strict liability for ultra-hazardous activity, all deal with blasting or storage of flammable materials in the community at large and deal with issues where damage has been caused to the community at large. Here, the activity of blasting inside a mine is an activity entirely appropriate for mining. And the fact that it may cause damage inside the mine itself does not permit a cause of action based on ultra-hazardous activity. In addition to that... Yes, but that's not blasting on your own property where the effects of it are totally confined to one's own property. Is there a case that says that? The Continental case that is cited in my brief has, and there's a long passage quoted from that case in my brief, discusses other cases and other fact situations. One of the fact situations that the court cites in there comes out of Prosser on the courts. And the example that Prosser used, and the example that the court cited with approval was, if one conducts blasting activities in the middle of a desert with nobody around, that's not an ultra-hazardous activity. If one conducts those same blasting activities in the middle of a populated area, that is an ultra-hazardous activity. But you said with no one around, and someone was around here. No one from the general public was around. So if somehow Mr. Parsher were capable of suing his employer, it would not be considered an ultra-hazardous activity as to him? Correct. Well, I see my time's up. Very briefly, with regard to the scope on Parsher, the complaint talks about him being employed within the scope, but also the next sentence talks about him being in the area of the mine. Or I'm sorry, that might say she's in the area of the mine. He was adjacent to her, and I know that wasn't part of her pleading. There was discovery, and in the discovery, he was in a front-end loader with an eyesight of where she was. Did you tell the trial court that if you were allowed to amend, you'd be able to establish that he was in the front-end loader with an eyesight? Well, that's the next thing. Part of that hearing my associate was, but it's a pretty high burden to require plaintiff's counsel to be able to, within 90 seconds, lay out exactly what your amended complaint would state. If the case was dismissed, that's why 616 gives you the ability to amend your complaint. So you can go back, re-read discovery, and come up with the appropriate crafted paragraphs that lay out that cause of action. I certainly don't know what common practice is today, but at least Justice Appleton and I, when we practiced in the trial court ourselves, or when we were trial court judges, the motion to reconsider or the motion to amend would have attached to it the proposed pleading. I understand, but at that point, there was the question of how he would amend the pleading. Was that the motion to dismiss stage? Motion to dismiss stage or the motion to reconsider the dismissal? I thought he said the motion to reconsider. No, I could be wrong. It might be at the motion to dismiss stage. Okay, I don't want to misstate. What I'm still saying is that 616 certainly still would give him freely the ability to amend that pleading and craft the sentences consistent with discovery and re-read the deposition transcripts, as opposed to immediately, within 90 seconds, outlining the new paragraphs that would satisfy that standard. The other thing is, and it's also in our reply brief, is when you're trying to evaluate the question of fact versus the law, the court, in the case we cited, that the ultimate facts do not equate to questions of law. The next point I wanted to make was if on our derivative theory action, if we're getting the agent, we're getting the principal, with regard to the scope, he's in the mine, he's working, he's not out buying bubble gum at Target, he's in the work facility, clocked in, and what we allege is he's within the scope of his employment. I don't understand why you just can't allege what he was doing. I'm sitting here on the bench, in my room, listening to oral arguments. If I allege that as a fact, I'm probably acting within the scope of my employment. And, Josh, that's exactly why the amendments are freely given, so that when they are dismissed, we can have the ability to relate back and bring up an additional allegation that he was in the front-end loader as a movement product at the time of the incident. But the allegation we have, we feel is sufficient. But even if it's not sufficient, we should freely be given leave to amend that simple one or two additional sentences. What allegation do you have? That's what I've been looking for. Well, if we were to amend it in addition, certainly at this point, we would add in a paragraph that he was consistent with his deposition transcript, that he was in his front-end loader, within a certain number of yards from where she was, he was a moving product. Okay, I have a question with regard to count three. I asked the opposing counsel, but I think probably my own fault digressed off of that. What are the elements for stating cause of action for premises liability? Well, the premise liability act, one distinction was that the court improperly focused on an invitee issue, and that's no longer the standard. The premise liability act is legally on the premises or a trespasser. So for the elements of the premise liability act, once she's legally on the premises, then we have a duty where she's a trespasser. We have no duty except for the willful and want conduct. Is that what the question was, Judge? Not precisely, but I think I see what you're saying. So you're saying we don't have the distinction between a trespasser, licensee, and invitee any longer? Those three items are reduced down to two, where it was invitee, licensee, and trespasser. It's now legally on the premises, illegally on the premises, or trespasser. Alright, so if a person is legally on the premises, then the owner of the premises owes a duty. Is that what you're saying the law is? Yes. And if you're illegally on the premises... So why did the trial court throw that count out there? What was the rationale of the trial court saying it doesn't state a cause of action? She had no business purpose on there. She didn't have a business purpose on there. He was now differentiating between business and invitee. She wouldn't have to have a business purpose on there if you're saying the law is she just can't be there as a trespasser, basically. In the record, the court was concluding that she had no legitimate business purpose. And the judge was unhappy with that, and I think by the comments, he was unhappy by the alleged ugly relationship between a married lady and this gentleman in the mine, and because that was the relationship that had no legitimate business purpose. But that's not the standard. When were these two motions to dismiss filed? The one that the one that was November 08, and then there was an order in January 09, which is the subject of what we're here today, and then the motion to reconsider in April, I'm sorry, May 09. So the ball started rolling in November 08. And we were working on, at that point, the first amended complaint? Yes.